## LOT S. PENNINGTON *et al.*

*v.*

## JONATHAN F. COE *et al.*

1. SCHOOL TAX—*lien.* Where directors of schools employed a person to build a school house, and they levy a tax to pay therefor, and issue orders to the contractor on the treasurer for his pay, and he sells the orders at par to raise money to construct the building, the purchasers of such orders have the right to look to the tax thus levied for payment.

2. Where the people of the district vote to build a school house and locate the same, subsequent elections for borrowing money therefor, resulting in the negative, do not affect the validity of the result of the first election. The people may have been willing to be taxed for building a school house, and not willing to borrow money and pay ten per cent interest for the purpose.

3. School directors have the right to levy a special tax for school purposes without a vote, and a special tax for building purposes by a vote of the people; but they exceed their power when they attempt to appropriate the funds raised for a specific object to a different purpose. The holders of the orders had an equitable lien upon this fund, and the attempt to divert it to a purpose foreign to the express vote of the people, was a fraud and misapplication.

4. DECREE—*construction of.* Where the decree directed the treasurer to pay the sum due for building the school house, or so much or such part of that sum as may not be otherwise appropriated so in his hands, and the balance of the sum out of any funds in his hands, or that might come to his hands, belonging to the district, not otherwise appropriated: *Held,* the

treasurer would not be in contempt, under this decree, in refusing to pay to complainants all money expressly appropriated by law, and in refusing to pay, under the decree, funds obtained for the support and to defray the expense of schools.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

The facts of the case are stated in the opinion.

Mr. J. E. McPHERSON, for the appellants.

Messrs. DINSMOOR & STAGER, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The allegations in the bill, sustained by the evidence, show that one Henry Thomas completed a school house, according to contract, for the defendant school directors; that they had accepted the house, and delivered to him school orders, to the amount of $1,100, in part payment; that a tax had been levied, in pursuance of a vote of the people, for building purposes, and collected and paid over to Pennington, the treasurer of the township; that the complainants were the owners of the school orders, having purchased them in good faith; and that the school directors and treasurer, after demand, refused to apply the money, thus collected, to the satisfaction of the orders, and claim the right to pay it on certain bonds for borrowed money, not then matured.

Appellees received the orders from Thomas, at their par value and paid, and agreed to pay, him for the same, to enable him to complete the building. They knew that a tax had been levied for building purposes, and had a right to rely upon the fund thus to be obtained, for payment.

There is no controversy as to the levy of the tax; but it is urged that it was done without the vote of the people, and hence in contravention of the school law. The exhibits show

that a vote was had on the 8th of January, 1864, and resulted in favor of building a school house, and in the location thereof. The tax was not levied until in 1868. In the interim a number of elections were held in the district, in regard to building school house and borrowing money. Whenever these were coupled, the vote was in the negative. These subsequent elections can not be construed to affect, change or abrogate the recorded vote of 1864. We can well conceive that the people might be willing to bear the burden of an annual tax, not to exceed three per cent, and yet be unwilling to borrow money at the rate of ten per cent interest, and in amounts which might be five per cent of the taxable property of the district. Gross' Stat. 1869, p. 697, sec. 47.

Directors have the right to levy a special tax for school purposes without a vote of the people, and a special tax for building purposes, with the consent of the legal voters; but they exceed their power, when they attempt to appropriate the funds raised for one object to a different object. Appellees had an equitable lien upon this fund, and the attempt to divert it to a purpose foreign to the expressed vote of the people, was a fraud and misapplication.

It is strongly insisted in the argument, that there is error in the decree in " requiring the treasurer to pay out not only the money raised by the special tax, but also any other money in his hands belonging to the district." The portion of the decree excepted to is not fairly presented in the argument. The language of the decree is : " It is therefore considered, adjudged and decreed by the court, that said Lot S. Pennington pay said sum of $1,073.85, or so much or such part thereof *as may not be otherwise appropriated,* so in his hands as aforesaid, to said complainants on said school orders, and that he pay the balance due on this sum out of any funds in his hands, or that may hereafter come into his hands, belonging to said school directors of district 1, in said township 22 north, in range 7 east, *not otherwise appropriated.*" All other moneys, which may come into the treasury, are specifically appropriated by express

law, and the treasurer would not be in contempt of court in refusing to pay, under the decree, funds obtained for the support of schools and the defraying of the expenses of the same.

There is no error in the record, and the decree of the circuit court of Whiteside county is affirmed.

*Decree affirmed.*